NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1366

_____

UNITED STATES OF AMERICA

v.

DIVINE ZION,
also known as Syrron Roach,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2:22-cr-00527-001)
District Judge: Honorable Evelyn Padin

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2026

Before: KRAUSE, MASCOTT, and FISHER, *Circuit Judges*.

(Filed: April 30, 2026)

_____

OPINION*

_____

FISHER, *Circuit Judge*.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Divine Zion, a convicted felon, pled guilty to possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). His plea agreement provided that if he received a sentence between 30 and 37 months' imprisonment, he would "not challenge his conviction for any reason by any means," nor "challenge or seek to modify any component of his sentence for any reason by any means," except in either event for "ineffective assistance of counsel."[1] Zion was sentenced to 34 months and, despite his waiver of appellate rights, now appeals. His counsel argues there are no nonfrivolous issues for appeal and moves to withdraw, providing a brief in accordance with *Anders v. California*.[2] Zion files a *pro se* brief. We will grant the motion to withdraw and affirm.[3]

The Supreme Court promulgated guidelines in *Anders* "to assure that indigent clients receive adequate and fair representation" on appeal.[4] Defense counsel may file a motion to withdraw and an accompanying brief pursuant to *Anders* when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit."[5] In such a case, the Court must first determine "whether counsel adequately fulfilled the rule's requirements,"[6] which are (a) "to satisfy the court that he or she has thoroughly scoured the record in search of appealable issues[,]" and (b) "to explain why the issues are frivolous."[7] Second, we must determine "whether an independent review of

---

[1] App. 138–39.

[2] 386 U.S. 738 (1967).

[3] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). When reviewing a brief filed under *Anders*, "we 'exercise plenary review to determine whether there are any . . . [non-frivolous] issues' and review factual findings for clear error." *United States v. Langley*, 52 F.4th 564, 568 (3d Cir. 2022) (alteration in original) (quoting *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012)).

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[5] 3d Cir. L.A.R. 109.2(a).

[6] *Youla*, 241 F.3d at 300.

[7] *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

the record presents any nonfrivolous issues."[8] An issue is frivolous if it "lacks any basis in law or fact";[9] it is not frivolous if it is "'arguable' on its merits."[10]

At the first step, counsel has satisfied his obligation under *Anders*. The brief addresses multiple issues: the exercise of jurisdiction, the plea hearing, the appellate waiver, the sentencing, the effectiveness of counsel, and the determination that Zion's waiver of his right to counsel was knowing and intelligent. In each instance, the brief—as our law requires—summarizes potential arguments on appeal and explains why any issues here are frivolous.[11]

As a preliminary matter, all of the potential issues other than those related to effectiveness of counsel are barred by Zion's appellate waiver. We will not review an issue that is (1) "within the scope of [a] waiver" (2) to which "the defendant knowingly and voluntarily agreed" so long as (3) a "miscarriage of justice" would not result.[12] Aside from ineffective assistance, all of the potential issues counsel discerned from the record are within the scope of the waiver. Zion knowingly and voluntarily agreed to the waiver, as shown both by his signed agreement to that effect and by the District Court's careful explanation, which he said he understood. Finally, after careful review of the record, we can discern no reason why enforcing the waiver would miscarry justice.

Zion's counsel, in the *Anders* brief, identifies ineffective assistance of counsel as a potential issue and argues that the attorney who initially represented Zion (before he was granted permission to proceed *pro se*) provided effective assistance by moving to dismiss

---

[8] *Youla*, 241 F.3d at 300.

[9] *United States v. Brookins*, 132 F.4th 659, 665 (3d Cir. 2025) (quoting *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988)).

[10] *Id.* (quoting *Anders*, 386 U.S. at 744).

[11] *Marvin*, 211 F.3d at 780.

[12] *Langley*, 52 F.4th at 575.

the indictment based on recent case law: *New York State Pistol & Rifle Association, Inc. v. Bruen*[13] and *Range v. Attorney General*.[14] Appellate counsel thus fulfils his duty under *Anders*, and we agree with his analysis. The motion to dismiss explained the precedents and applied them to the facts of Zion's case, drawing on recent district court opinions. The motion plainly rose above the level of ineffective assistance: it does not evince any errors, let alone "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[15]

At the second step of the *Anders* analysis, our independent review of the record does not reveal any nonfrivolous issues for appeal. Zion raises several arguments barred by his appellate waiver: judicial and prosecutorial misconduct, abridgement of Second Amendment rights, fabrication of evidence, and Fourth Amendment violations including unlawful arrest and seizure of property. We do not address these arguments because, as explained above, the waiver is valid and no miscarriage of justice would result from its enforcement.

Zion also offers ineffective assistance arguments that are not prohibited by the appellate waiver. However, these arguments are the kind we do not entertain on direct appeal because they "involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing."[16] Zion asserts that his original counsel "refused

---

[13] 597 U.S. 1 (2022).

[14] 69 F.4th 96 (3d Cir. 2023) (en banc), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024); *see Range v. Att'y Gen.*, 124 F.4th 218 (3d Cir. 2024) (en banc).

[15] *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[16] *United States v. McLaughlin*, 386 F.3d 547, 555–56 (3d Cir. 2004) (quoting *Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984)).

to submit any motions on [his] behalf," although he later acknowledges that counsel moved to dismiss the indictment.[17] Zion also says that counsel told him "he was stupid not to take the plea offer," that counsel "didn't care what Mr. Zion[']s support system/family thought of the situation," and that counsel "didn't notice and ignored . . . judicial misconduct, judicial bias, and the egregious misconduct of the government."[18] That misconduct occurred, according to Zion, when the government, defense counsel, and the District Court all falsely stated that "Zion matched the description of the suspect" about whom a tip was called in.[19]

Because there is no evidentiary record that would allow us to assess Zion's arguments, we cannot at this stage determine whether they amount to ineffective assistance. Therefore, although the arguments are not prohibited by the appellate waiver, we do not address them.[20]

For the foregoing reasons, we will grant counsel's *Anders* motion and affirm.

---

[17] *Pro Se* Br. 2.

[18] *Id.* at 2–3.

[19] *Id.* at 4–5; *see also id.* at 3, 6, 9, 10, 11, 12.

[20] *See Massaro v. United States*, 538 U.S. 500, 505–07 (2003) (explaining that the record regarding counsel's performance is usually not sufficiently developed to consider ineffective-assistance claims on direct appeal, and "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable").